UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                          BKY 18-40667

Aspirity Holding, LLC,

        Debtor.

---

Randall L. Seaver, Trustee,                                     ADV 18-04092

        Plaintiff,

v.

Aspirity Financial, LLC,

        Defendant.

---

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

---

This proceeding is before the Court on the application of Plaintiff Randall L. Seaver, Trustee ("**Trustee**" or "**Plaintiff**") for entry of default judgment against defendant Aspirity Financial, LLC ("**Defendant**").

Based upon the application and all of the files and records in this matter, the Court makes the following:

**FINDINGS OF FACT**

1. Plaintiff is the duly-appointed Chapter 7 trustee of Debtor Aspirity Holding, LLC ("**Debtor**").

2. Debtor's bankruptcy case was commenced on March 7, 2018, by the filing of an involuntary chapter 7 petition.

{00741288.1 }

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 08/30/2018
Lori Vosejpka, Clerk, by LH

3.  The Summons and Complaint were duly served on Defendant by certified mail, return receipt requested on July 12, 2018. The Summons and Complaint were also served on the Secretary of State for the State of Minnesota.

4.  Defendant has failed to answer or otherwise defend this adversary proceeding.

5.  Prior to June of 2015, Debtor was known as Twin Cities Power Holdings, LLC ("**TCPH**") and had a number of subsidiary entities.

6.  In June of 2015, Debtor engaged in a "restructuring" in which the Debtor transferred substantially all of its assets to Timothy Krieger and Krieger Enterprises, LLC ("**KE**") while retaining only a note (described below) from KE in favor of Financial. Among the assets transferred to KE were over $20 million in cash and over $2 million in accounts receivable.

7.  As part of the "restructuring," TCPH splintered into Aspirity Energy, LLC ("**Energy**")[1] Defendant, Aspirity Financial, LLC ("**Financial**"), Aspirity Services, LLC ("**Services**"), and KE. TCPH changed its name to Aspirity Holdings, LLC (hereafter "**Holdings**"). The restructuring effected a transfer of all of the equity in KE to Timothy Krieger and an entity he controls, Summer Enterprises. Energy, Defendant Financial and Services remained wholly-owned subsidiaries of Holdings.

8.  As ostensible consideration for the Debtor's transfer of cash and assets to KE, KE executed and delivered to Financial a promissory note dated as of July 1, 2015 in the original principal amount of $22,205,612.86 (the "**Note**").

9.  The principal balance of the Note presently exceeds $16 million. KE ceased making payments on the Note long ago and is in default in repayment of the Note.

---

[1] Energy is the Chapter 7 debtor in the case captioned *In re Aspirity Energy, LLC*, Bky. No. 17-41991, presently

{00741288.1 }

10. Based on the Trustee's representations, since June of 2015, Debtor Holdings, Energy and Defendant Financial have operated as a singular, integrated entity. A description of the entities and their respective functions in relation to one another is as follows:

- **Energy**

    * Energy sold retail electricity in states where it was licensed to do business.

    * As a result, Energy had vendors that provided services to acquire and service customers.

    * Energy also received revenues from the sale of electricity to retail customers.

- **Financial (Defendant herein)**

    * Defendant Financial's sole apparent reason for existence was to receive payments on the Note.

    * Defendant had few or no vendors or creditors until late fall 2017, when it issued a promissory note to five noteholders who lent money to help pay management.

- **Services**

    * Service's sole reason for existence was as a means to pay the associated companies' employees.

    * This entity had no direct revenue stream and relied on the other entities for funding.

    **Holdings** (Debtor herein)

    * Holdings acted as the umbrella, or parent, over the other Aspirity entities.

---

pending in this Court. The Trustee is the duly appointed Chapter 7 trustee for Energy.

{00741288.1}

10. Based on the Trustee's representations, since June of 2015, Debtor Holdings, Energy and Defendant Financial have operated as a singular, integrated entity. A description of the entities and their respective functions in relation to one another is as follows:

- **Energy**

    * Energy sold retail electricity in states where it was licensed to do business.

    * As a result, Energy had vendors that provided services to acquire and service customers.

    * Energy also received revenues from the sale of electricity to retail customers.

- **Financial (Defendant herein)**

    * Defendant Financial's sole apparent reason for existence was to receive payments on the Note.

    * Defendant had few or no vendors or creditors until late fall 2017, when it issued a promissory note to five noteholders who lent money to help pay management.

- **Services**

    * Service's sole reason for existence was as a means to pay the associated companies' employees.

    * This entity had no direct revenue stream and relied on the other entities for funding.

    **Holdings** (Debtor herein)

    * Holdings acted as the umbrella, or parent, over the other Aspirity entities.

---

pending in this Court. The Trustee is the duly appointed Chapter 7 trustee for Energy.

{00741288.1}

3

   * Holdings acted as a financing vehicle to fund the operations of its subsidiaries and actively engaged in the sale of debt securities.[2]

   * Holdings also had vendors that provided services across the associated Aspirity entities.

  11. Debtor's original corporate design allowed moneys to be taken in either at the holding company level or at the subsidiary level and to be paid across all of the associated entities, without regard to the source of the funds or corresponding liabilities. For example, funds received by Defendant Financial (via the Note) or Debtor Holdings (via new investor notes sales) were used to pay introductory marketing plan costs or funneled to Services to pay employees.

  12. There was no unique activity for Debtor, Defendant or any of the subsidiaries that was not related to the other entities in some fashion. Stated alternatively, the entities were structured to be one, integrated company.

  13. At all relevant times, Debtor, Energy and Defendant filed consolidated financial statements. They occupied the same offices, had common officers and directors, and commingled assets and liabilities, treating the assets and liabilities of Holdings and its affiliated companies as though they were one and the same. Offering documents for the sale of debt securities portrayed the business activities of Debtor and its subsidiaries as being parts of a single, integrated business structure.

---

2 Holdings raised money through the sale of renewable, unsecured, subordinated notes or "RUSNs." Through issuances of its RUSNs Holdings raised more than $30 million dollars. See, http://www.startribune.com/investors-out-30m-as-hard-charging-commodities-trader-files-for-bankruptcy/444744873/ It appears that KE, under the auspices of the so-called "restructuring," appropriated approximately $20 million of funds raised through Holdings' RUSN offerings.

{00741288.1 }

14. The Trustee believes that bringing the assets and liabilities of Defendant into its parent's bankruptcy estate will inure to the benefit of creditors of each entity.

15. Defendant Financial has a limited number of creditors, due in large part to the manner in which Debtor Holdings and the affiliated entities conducted their business affairs.

16. Defendant Financial has no independent business purpose, other than to serve as a conduit for the receipt of payments under the Note, and Defendant Financial at all times operated in conjunction with the Debtor, Services and Energy. Recognizing the separate corporate status of Defendant Financial would result in substantial unfairness to the creditors of this bankruptcy estate.

17. The Trustee has represented that creditors of the Debtor and Energy bankruptcy estates would benefit if Defendant were to be declared to be an alter ego of the Debtor.

18. The "restructuring," itself and the subsequent disregard of the entities' corporate are an "abuse of the corporate form." The intercompany transfers, including those with Krieger, may give rise to avoidance actions.

19. The best opportunity for creditors of the existing debtors to make a recovery is to eliminate the corporate fiction of Defendant. Creditors of the existing debtors support the inclusion of Defendant.

20. Defendant's independence is an abuse of the corporate form.

## **CONCLUSIONS OF LAW**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

2. The Trustee has effected proper service upon Defendant and Defendant is in default with respect to defense of this adversary proceeding and the Trustee is entitled to entry of judgment

{00741288.1 }
5

by default.

3. The Trustee is entitled to declaratory relief pursuant to Minn. Stat. Ch. 555 and 11 U.S.C. §541 determining that the Debtor and Defendant are alter egos and that the assets of Defendant were truly property of the Debtor and its bankruptcy estate at all times material herein.

4. The corporate fiction of Defendant shall be disregarded for purposes of this bankruptcy case.

5. The Trustee is entitled to an Order of this Court determining the assets of Defendant to be property of the bankruptcy estate pursuant to 11 U.S.C. §541.

6. The Trustee is entitled to an Order of the Court disregarding Defendant as a separate entity from the Debtor.

## ORDER FOR JUDGMENT

1. The Plaintiff is entitled to entry of judgment by default.

2. The corporate fiction of Defendant is disregarded.

3. Defendant and its property are property of the bankruptcy estate of the Debtor.

4. The Plaintiff is awarded all of his costs and disbursements incurred herein.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 30, 2018

        /e/ Kathleen H. Sanberg
KATHLEEN H. SANBERG
CHIEF UNITED STATES BANKRUPTCY JUDGE

{00741288.1 }